**In re FIRST CENTURY CORPORATION,**
**Debtor.**

**SECURITY INSURANCE CORPORA-**
**TION OF HARTFORD and Underwrit-**
**ers Safety & Claims, Inc., Movants,**

v.

**FIRST CENTURY CORPORATION,**
**Respondent.**

**Bankruptcy No. 5–87–00546.**

United States Bankruptcy Court,
M.D. Pennsylvania.

March 16, 1994.

John H. Doran, Wilkes–Barre, PA, for debtor First Century Corp.

Joseph Baranko, Hazleton, PA, for movant Sec. Ins. Corp.

Ronald Morelli, Pittsburgh, PA, for objector Design Energy Corp.

Bernard Podcasy, Wilkes–Barre, PA, for objector Com. of Pa., Dept. of Labor & Industry, Office of Employment Sec.

Owen Katz, Pittsburgh, PA, for party-in-interest Unsecured Creditors' Committee.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

Movant, Security Insurance Corporation of Hartford (SICOH), has filed a Motion and Request for Payment of Administrative Claim with regard to workmen's compensation coverage furnished to the Debtor–In–Possession post-filing. Objections have been filed by the Debtor–In–Possession as well as the Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security and Design Energy Corporation, a creditor of York Resources Corporation, a related Debtor–In–Possession.

This matter has been presented to the Court by Stipulation between the parties and Briefs submitted thereon. Accordingly, there is no dispute as to the factual history of the issue before us.

Briefly, on August 31, 1987, the Debtor filed a Voluntary Petition under Chapter Eleven. On April 4, 1990, Movant filed a Proof of Claim with the Court designated as follows: "This claim is a post-petition administration expense ...". That claim was in the amount of Fifty–Seven Thousand Seventy–Six Dollars ($57,076.00) plus interest due and was set forth on a traditional Proof of Claim form.

Seven (7) days later, on April 11, 1990, the Court, on oral Motion of the Unsecured Creditors' Committee, issued a written Order stating as follows, "All parties who believe that they may have a post-petition administrative expense claim against any of the above three referenced Debtors must file a Proof of Claim seeking administrative expense status within 30 days of the day upon which the sale to Suscon closes."

On September 5, 1990, the Movant filed an Amended Proof of Claim in the total amount of Seventy–Four Thousand One Hundred Seventy–Five and 42/100 Dollars ($74,175.42) classifying its claim as an "Unsecured, Nonpriority Claim" by checking the box in front of that provision in Section B.3. of the claim form.

Both Proofs of Claim filed by the Movant were on official forms in effect at the time of filing.

On October 11, 1990, again apparently at the request of the Unsecured Creditors' Committee *(See Document # 148 of the official record)*, the Court issued an additional Order which stated that " . . . The Debtor shall within five (5) days from the date of this Order transmit a copy of this Order to each unpaid, post-petition creditor advising such creditors that they must file a Proof of Claim with the Clerk of the Bankruptcy Court within thirty (30) days from the date of said Notice."

On these facts, the Debtor–In–Possession alleges that the Movant is barred from being treated as an administrative creditor inasmuch as it reclassified its own Proof of Claim from administrative status to "Unsecured, Nonpriority".

This is obviously disputed by the Movant who suggests that both claims must be looked at together with the second claim supplementing the first.

The deposition of Movant's then counsel, John C. Aciukewicz, Esquire, was stipulated into evidence. Mr. Aciukewicz explained his checking of the "Unsecured, Nonpriority" box by stating, "It was filed as unsecured because I believe there isn't any collateral there for this particular claim. If you refer to the different categories for priority claim, it didn't appear to fall within any of those different categories that were checked." *Deposition Transcript, dated August 20, 1993 at page 14.* Section B.3. of Movant's Amended Proof of Claim is reprinted as follows:

---

3. CLASSIFICATION OF CLAIM: Under the Bankruptcy Doe all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Priority, (3) Secured. It is possible for a claim to be partly in one category and partly in another-such as wage claim which may be a priority claim for the first $2,000 and an unsecured nonpriority claim for the balance. Classify the nature of the claim by CHECKING THE APPROPRIATE BOX OR BOXES which you believe best describes the claim. STATE THE AMOUNT OF THE CLAIM.

| | |
|---|---|
| ☒ UNSECURED NONPRIORITY CLAIM $74,175.42 | ☐ PRIORITY CLAIM $_____ |
| | Specify the priority of the claim by checking the appropriate box(es) |
| For the purposes of this form, a claim is unsecured if there is no collateral, or to the extent the value of collateral is less than the amount of the debt. | ☐ Wages, salaries or commissions (up to $2,000, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier)—11 U.S.C. § 507(a)(3) |
| ☐ SECURED CLAIM $_____ | ☐ Contributions to an employee benefit plan—11 U.S.C. § 507(a)(4) |
| Attach evidence of perfection of security | ☐ Up to $900 of deposits toward purchases, lease, or rental of property or services for personal, family or household use—11 U.S.C. § 507(a)(6) |
| Brief Description of Collateral: | ☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(7) |
| ☐ Real Estate ☐ Motor Vehicle ☐ Other | ☐ Other specify: |

---

■ Frankly, Mr. Aciukewicz is quite right for a very good reason. Proofs of Claim are not the mechanism by which administrative claims should be advanced. 11 U.S.C. § 503(a) specifically indicates that "An entity may file a request for payment of an administrative expense". The filing of a Proof of Claim is not a substitute for a request for administrative payment. *In re Bicoastal Corporation,* 147 B.R. 258 (Bkrtcy. M.D.Fla.1992). A Proof of Claim is specifically a mechanism by which a pre-petition claim is registered with the Bankruptcy Court. Official Form No. 10 contains language which states, "NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503."

The form used by the Movant for the Amended Proof of Claim filed September, 1990, specifies in paragraph B.6. thereof, "This form should not be used to make a claim for expenses incurred after the filing of the bankruptcy petition. Such expenses may be paid only upon proper application and notice pursuant to 11 U.S.C. § 503."

Notwithstanding this language on the official form, the Court, on request of the Unsecured Creditors' Committee required that administrative claims be filed by utilization of the Proof of Claim form.

Although the intention of the parties may have been innocent, the result comes very close to the proverbial "sandbag" where the naive creditor is forced to document its claim on a form not suited for that purpose and thereby fails to make the necessary allegations.

It was stated in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993): ". . . ordinarily the bar date in a bankruptcy case should be prominently announced and accompanied by an explanation of its significance. (Citation omitted.) We agree with the court that the 'peculiar and inconspicuous placement of the bar date in a notice regarding a creditors['] meeting,' without any indication of the significance of the bar date, left a 'dramatic ambiguity' in the notification." *Id.* at ——, 113 S.Ct. at page 1499.

In this case, the Debtor–In–Possession is not claiming any type of surprise that an administrative claim has arisen after the confirmation of the plan on December 20, 1991. The correspondence between the parties suggests otherwise. What the Debtor is attempting to do is to use the concept of "finality" as a sword against an administrative claimant who made the mistake of checking one of three inappropriate boxes. "Finality" is an excellent principle embraced by the Bankruptcy Court. *In re Szostek*, 886 F.2d 1405 (3rd Cir.1989). Due process is a better one. Since the bar date was not "prominently announced", "accompanied by an explanation of its significance", nor consistent with the statutory provisions of 11 U.S.C. § 503(a), this Court will overrule the objec-

tion of the parties and allow the administrative claim of the Movant in the amount of Seventy–Four Thousand One Hundred Seventy–Five and 42/100 Dollars ($74,175.42).